UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES LLOYD McCUTCHEON, JR, ) | Civil Action No.: 4:14-cv-3486-RMG-TER | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| -vs- ) | | |
| ) | | |
| ) | **REPORT AND RECOMMENDATION** | |
| KOHL'S CORPORATION, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, filed this action in the Florence County Court of Common Pleas on July 23, 2014, alleging causes of action for breach of contract and breach of contract with fraudulent intent.  Defendant was served with the summons and complaint on July 30, 2014. Affidavit of Service (Ex. 1 to Def. Response to Motion to Remand). Defendant removed the action to this court on August 29, 2014, pursuant to 28 U.S.C. § 1441 and alleging jurisdiction under 28 U.S.C. § 1332.  On September 3, 2014, Defendant filed a motion to dismiss (Document # 4). Because Plaintiff is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the dismissal of his claims.   Rather than file a response to the motion to dismiss, Plaintiff filed a motion to remand (Document # 7) on October 17, 2014.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  This report and recommendation is entered for review by the district judge. For the reasons discussed below, the undersigned recommends that the motion to remand be denied and Plaintiff be allowed additional time to file a response to the motion to dismiss.

**II.  MOTION TO REMAND**

Although Plaintiff's motion to remand was filed after Defendant's motion to dismiss, the court must satisfy itself that it has subject-matter jurisdiction over a claim before it can address the merits of the same. See In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir.1998) (noting that federal courts are constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute).  Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States; ...." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir.2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). A party seeking to adjudicate a matter in federal court through removal carries the burden of demonstrating that removal was proper. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir.2008).  Plaintiff raises both jurisdictional and procedural bases for remand.

First, Plaintiff argues that diversity is lacking between the parties.  In its notice of removal, Defendant asserts that jurisdiction is proper in this court because there is diversity between the parties and the amount in controversy is greater than the jurisdictional minimum.  It is undisputed that Plaintiff is a citizen and resident of South Carolina and Defendant is a corporation organized under the laws of Wisconsin and with its principal place of business in Menomonee Falls,

Wisconsin. Complaint ¶¶ 4, 6; Notice of Removal ¶¶ 6, 7. In addition, Plaintiff seeks damages in the amount of $2,500,000. Complaint, Wherefore ¶ B. Plaintiff argues, however, that Defendant does business in South Carolina and all hiring and termination decisions are made at the individual store level or with a district representative, who is located in South Carolina, and, thus, diversity jurisdiction is not valid. Section 1332 provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T[he mere fact that [a defendant] does business in [a state] as a foreign corporation does not make [that state] the company's principal place of business, and therefore would not destroy diversity jurisdiction." Johnson v. Nutrex Research, Inc., 429 F.Supp.2d 723, 725 n. 1 (D.Md.2006); see also Long v. Silver, 248 F.3d 309, 314–15 (4th Cir.2001) (out-of-state defendant's manufacturing facility located in the plaintiff's home state did not defeat diversity jurisdiction where home office and bulk of corporate activity took place in a state other than Plaintiff's home state). Plaintiff does not argue that Defendant's principal place of business is in South Carolina, only that it does business in this state and decisions relevant to the facts giving rise to this action were made in this state. Plaintiff's argument that diversity is lacking is without merit.[1]

Plaintiff also argues that removal was improper because Defendant's notice of removal was filed with the state court[2] more than thirty days after Defendant was served with the summons and complaint. An untimely removal is a procedural defect. See Cades v. H&R Block, Inc., 43 F.3d 869,

---

[1]Plaintiff also argues that the state court is the more appropriate jurisdiction because he has raised state law claims. However, a federal court has original jurisdiction over state law claims between parties of different states where the amount in controversy is met pursuant to 28 U.S.C. § 1332.

[2]As set forth above, the notice of removal was filed in this court on August 29, 2014. A copy of the notice of removal was filed with the state court on September 2, 2014.

873 (4th Cir. 1994) (citing Comment on the 1988 Revision of section 1447 following 28 U.S.C.A. § 1447).  Under 28 U.S.C. § 1447(c), a party may move to remand a case for failure to comply with the procedural requirements set forth in § 1446.  However, any motion to remand based upon a procedural defect in removal must be filed within thirty days of the date of the notice of removal. 28 U.S.C. § 1447(c).  The Fourth Circuit Court of Appeals has found that "[s]ection 1447(c) effectively assigns to the parties the responsibility of policing non jurisdictional questions regarding the propriety of removal." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 198 (4th Cir.2008).  If a plaintiff does not file a motion to remand within thirty days of the filing of the notice of removal, the plaintiff waives all procedural defects in the removal. In Re Shell Oil Co., 932 F.2d 1523, 1527 & nn. 6–7 (5th Cir.1991).  Here, the notice of removal was filed August 29, 2014, and Plaintiff's motion to remand was filed on October 17, 2014, more than thirty days later.  As a result, Plaintiff has waived all procedural defects in the removal and remand is not appropriate.[3]

**III.     CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff's motion to remand (Document # 7) be denied, and Plaintiff be given twenty days from the date of the district judge's order to file a response to Defendant's motion to dismiss (Document # 4).

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 5, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[3] Plaintiff also argues that he filed an affidavit of default in state court before Defendant filed its notice of removal and that Plaintiff was not allowed an opportunity to object to the removal.  To the extent these arguments could give rise to legitimate concerns regarding the removal of this action, they are also procedural in nature and, thus, have been waived by Plaintiff.