IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Lloyd McCutcheon,              )<br>                                      )<br>            Plaintiff,                )<br>                                      )<br> v.                                   )<br>                                      )<br>Kohl's Corporation                   )<br>                                      )<br>            Defendant.                )<br>                                      ) | No. 4:14-cv-3486-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") (Dkt. No. 11) of the Magistrate Judge recommending Plaintiff's motion to remand be denied and Plaintiff be allowed additional time to file a response to Defendant's motion to dismiss (Dkt. No. 4). For the reasons stated below, the Court **ADOPTS** the R & R in full.

## I. Background

Plaintiff James Lloyd McCutcheon ("Plaintiff), proceeding *pro se* originally filed this action in Florence County Court of Common Pleas on July 23, 2014 alleging causes of action for breach of contract and breach of contract with fraudulent intent. (Dkt. No. 1-1). Pursuant to 28 U.S.C. § 1441, Defendant removed this matter to the United States District Court for the District of South Carolina alleging jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the case was referred to a Magistrate Judge for pretrial proceedings. Defendant filed a motion to dismiss (Dkt. No. 4) and Plaintiff was warned that a failure to respond to the motion could result in dismissal (Dkt. No.

5).[1] Rather than respond to the motion to dismiss, Plaintiff filed a motion to remand. (Dkt. No. 7). The Magistrate Judge issued the present R & R, recommending the motion to remand be denied and that Plaintiff be allowed additional time to respond to the motion to dismiss (Dkt. No. 11) and Defendant objected (Dkt. No. 14).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Where the Petitioner fails to file specific objections to the Report and Recommendation, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed.R.Civ.P. 72 advisory committee note).

## III. Discussion

After careful review of the record, the R & R, and Defendant's objections, the Court finds that the Magistrate Judge applied sound principles to the facts of this case and therefore agrees with and wholly adopts the conclusions of the Magistrate Judge. Defendant objects to the Magistrate Judge's recommendation that "Plaintiff be given twenty days from the date of the district judge's order to file a response to Defendant's motion to dismiss" for three reasons.

---

[1] On September 12, 2014, the Court issued an Order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the dismissal/summary judgment procedures and the possible consequences of failing to adequately respond. (Dkt. No. 5).

(Dkt. No. 14). First, Plaintiff was "warned by the Court that failure to respond to the Motion to Dismiss could result in the dismissal of his lawsuit." *Id.* "Second, Plaintiff filed his own motion[2] by the deadline to file his response to the Motion to Dismiss but failed to respond to the Motion to Dismiss." *Id.* Third, Plaintiff stated in his Motion to Remand "that he intended to file an amended version, but never did." *Id.* Defendant concludes by stating that Plaintiff had more than six months between the filing of Defendant's Motion to Dismiss and the issuance of the Report and Recommendation to respond to Defendant's motion and Plaintiff's failure to do so shows Plaintiff is not "interested in pursuing this litigation, or even if he is interested in continuing it, that he has no intention of complying with the Court's rules and deadlines." *Id.* As such, Defendant argues Plaintiff's claim should be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"). *Id.*

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed.R.Civ.P. 41(b)). Dismissal for failure to prosecute an action is reserved to the discretion of the court by Rule 41(b), which states:

> *(b) Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). The Fourth Circuit has articulated four factors to be considered when dismissing an action under Rule 41(b): 1) the degree of personal responsibility on the part of the

---

[2] Plaintiff filed a Motion to Remand (Dkt. No 7) on October 17, 2014, the same date a response to Defendant's Motion to Dismiss was due (Dkt. No. 4).

3

plaintiff; 2) the amount of prejudice to the defendant caused by the delay; 3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and 4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Commissioner,* 916 F.2d 171, 174 (4th Cir. 1990). The enunciated criteria do not represent a rigid balancing test or specific facts that must be found before involuntary dismissal is appropriate. Rather, "the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989).

When these factors are applied to the present case, the balance tips in favor of a trial on the merits rather than dismissal for want of prosecution. The facts at hand do not depict 'a drawn out history; of 'deliberately proceeding in dilatory fashion,' as in *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). In the instant case, Plaintiff, while personally responsible for the delay in filing a response to the motion to dismiss, has not manifested a lack of interest in pursuing the action nor demonstrated a pattern of deliberate dilatory action. Rather, Plaintiff has manifested his interest in pursuing this matter by filing his motion to remand and indicating therein his intent to submit an "amended version" as well as citing health concerns for the delay. (Dkt. No. 7 at 2). Moreover, *pro se* applicants are traditionally granted special solicitude in proceeding with their claims. *See, e.g., McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988). Finally, there is no evidence that Defendant has been prejudiced by the delay nor that any such prejudice would result from granting Plaintiff additional time to respond to Defendant's motion to dismiss.

While this Court has the authority to dismiss for want of prosecution, such authority is to be tempered by the exercise of judicial discretion. "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding

cases on their merits.'" *Davis v. WIlliams,* 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir. 1974)). After reviewing the record, and in an abundance of caution, this Court agrees with the Magistrate Judge's finding that dismissal is not appropriate in this case and declines to exercise its discretion under Rule 41(b) in favor of allowing Plaintiff additional time to respond to Defendant's motion to dismiss. As such, Defendant's objections are denied.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **DENIED.** Plaintiff **shall have twenty (20) days** from the date of this Order to respond to Defendant's motion to dismiss. If Plaintiff fails to comply with this order, his action against the Defendant will be subject to dismissal for failure to prosecute pursuant to Rule 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice.* This matter is hereby recommitted to the Magistrate Judge for further pretrial handling, including the issue of dismissal.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

April *16*, 2015
Charleston, South Carolina