UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMES LLOYD McCUTCHEON, JR, ) | Civil Action No.: 4:14-cv-3486-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| KOHL'S CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I. INTRODUCTION

Presently before the court is Defendant's Motion to Dismiss (Document # 4). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

Plaintiff, who is proceeding pro se, filed this action in the Florence County Court of Common Pleas on July 23, 2014, alleging causes of action for breach of contract and breach of contract with fraudulent intent. Defendant was served with the summons and complaint on July 30, 2014. Affidavit of Service (Ex. 1 to Def. Response to Motion to Remand). Defendant removed the action to this court on August 29, 2014, pursuant to 28 U.S.C. § 1441 and alleging jurisdiction under 28 U.S.C. § 1332. On September 3, 2014, Defendant filed a motion to dismiss (Document # 4). Because Plaintiff is proceeding pro se, he was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the dismissal of his claims. Rather than file a response to the motion to dismiss, Plaintiff filed a motion to remand (Document # 7) on October 17, 2014. The undersigned entered a report and recommendation (Document # 11)

on March 5, 2015, recommending that Plaintiff's motion to remand be denied, and Plaintiff be given additional time to file a response to Defendant's motion to dismiss. Plaintiff did not file objections to the report and recommendation, and the district judge entered an order (Document # 17) adopting the recommendation and denying Plaintiff's motion to remand. The district judge gave Plaintiff twenty days from the date of the order to file a response to the motion to dismiss and warned him that a failure to do so could result in dismissal of his action pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Plaintiff has not filed a response to the motion to dismiss.

### III.     RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid

four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. Plaintiff has twice been warned that a failure to file a response to Defendant's motion to dismiss could result in dismissal of his claims in their entirety. When Defendant first filed the motion to dismiss, the undersigned entered an order explaining the procedures for responding to a motion to dismiss and warning him that a failure to respond adequately could result in dismissal of the case. Instead of responding to the motion to dismiss, Plaintiff filed his own motion to remand. When the district judge denied the motion to remand, he allowed Plaintiff additional time to respond to the motion to dismiss and again warned him that if he failed to comply with the order, "his action against the Defendant will be subject to dismissal for failure to prosecute pursuant to Rule 41 (b), and the dismissal will be considered an adjudication on the merits, i.e., with prejudice." Order (Document # 17) p. 5. Again, Plaintiff failed to file a response to the motion to dismiss. In addition to his failure to file a response to the motion to dismiss, despite being given an extension of time to do so, Plaintiff also failed to file any objections to the report and recommendation, recommending that his motion to remand be denied. Based upon Plaintiff's failure to participate in this action despite specific warnings of the consequences for doing so, the undersigned concludes Plaintiff has abandoned his claims against Defendant. No other conclusion is reasonable. Thus, dismissal is appropriate.

-4-

## IV.     CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed in its entirety for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 8, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**